```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  JACKSONVILLE DIVISION
```

JUSTIN DUCKETT, ASHLEY SMITH
and JUSTIN CIANTEO,

                    Plaintiffs,

v.                           Case No.   3:07-cv-746-J-33MCR

SOLUTIONS FUNDING, INC.,

                    Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to the Motion for Entry of Default Final Judgment (Doc. # 11) filed by Plaintiffs Justin Duckett, Ashley Smith, and Justin Cianteo on April 3, 2008. Plaintiffs seek the entry of a final default judgment against Defendant Solutions Funding, Inc. in the amount of $23,842. Defendant has failed to file a response in opposition to the Motion for Entry of Default Final Judgment, and the time for Defendant to file such a response has elapsed. See Local Rule 3.01(b), M.D. Fla. For the reasons stated below, Plaintiffs' motion is granted.

**I.   Background**

    Plaintiffs filed their Complaint against Defendant on August 15, 2007 (Doc. #1) alleging breach of contract and violation of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"). Plaintiffs seek unpaid commissions and overtime pay, liquidated damages, and attorney's fees and costs.

On August 21, 2007, Defendant was served with a summons and a copy of the Complaint through Defendant's registered agent (Doc. # 4).  Defendant failed to file an answer to the complaint and accordingly, on January 3, 2008, the Clerk entered a default (Doc. # 8).  Plaintiffs now seek a final default judgment against Defendant.

The Complaint alleges that during Plaintiffs' employment, Defendant was an employer as defined under 29 U.S.C. § 203(d) that was engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1) (Doc. # 1 at 2).  In addition, Plaintiffs assert that Defendant was at all times relevant an "enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s)(1)" (Doc. # 1 at 2).  In Counts I-III, Plaintiffs allege that Defendant willfully violated FLSA by failing to pay each Plaintiff at a rate of at least one and a half times their regular rate of compensation for those hours worked in excess of forty hours per week (Doc. # 1 at 3-5).

In Counts IV-VI, Plaintiffs assert breach of contract claims based on Defendant's failure to pay commissions due and owing under their written employment agreements (Doc. # 1 at 5-7).  Plaintiffs Smith and Cianteo have submitted copies of their employment agreements (Doc. ## 1-2, 1-3); Plaintiff Duckett claims that he is unable to obtain a copy of his employment agreement but believes that Defendant is in possession of the agreement (Doc. # 1 at 5).

Plaintiff Duckett filed a declaration attesting to the following facts: (1) Duckett was employed by Defendant for twenty weeks, from approximately November 15, 2006 until April 9, 2007, (2) during that time, Duckett worked an average of 52.5 hours per week and was paid "$500 per week base salary plus commission or the greater of the two," (3) Defendant failed to pay Duckett one and one-half times his regular rate of pay for those hours worked in excess of forty hours per week, and (4) Defendant failed to pay Duckett $6,000 in commissions for March 2007 that are owed pursuant to his employment agreement (Doc. # 11-2 at 2-3). Duckett attests that he is owed $1,190 in unpaid overtime and $1,190 in liquidated damages.[1]

Plaintiff Smith filed a declaration attesting that: (1) Smith was employed by Defendant for twenty-three weeks, from approximately October 30, 2006 until April 9, 2007, (2) during that time, Smith worked an average of 55 hours per week and was paid "$500 per week base salary plus commissions or the greater of the two," (3) Defendant failed to pay Smith one and one-half times his regular rate of pay for those hours worked in excess of forty hours

---

[1] Overtime wages were calculated as follows: 12.5 hours of overtime per week at $4.76 per hour for 20 weeks (12.5 x 4.76 x 20) equals $1,190. The $4.76 figure was computed by dividing the $500 weekly pay by 52.5 (the hours worked each week), and then dividing that number in half (500 ÷ 52.5 ÷ 2 = 4.76). Duckett and the other plaintiffs admit they were paid at their regular rate for the overtime hours, and thus are only seeking an additional one-half of their hourly rate for those hours.

per week, and (4) Defendant failed to pay Smith $2,600 in commissions/salary for March 2007 that are owed under his employment agreement (Doc. # 11-2 at 4-5).[2] Smith attests that he is owed $1,569.75 in unpaid overtime and $1,569.75 in liquidated damages.[3]

Plaintiff Cianteo's declaration attests that: 1) Cianteo was employed by Defendant for thirty-three weeks, from approximately August 15, 2006 until April 9, 2007, (2) during that time, Cianteo worked an average of 55 hours per week and was paid "$500 per week base salary plus commissions or the greater of the two," (3) Defendant failed to pay Cianteo one and one-half times his regular rate of pay for those hours worked in excess of forty hours per week, and (4) Defendant failed to pay Cianteo $3,000 in commissions/salary for the time period from February 26, 2007 through April 9, 2007, that are owed pursuant to his employment agreement (Doc. # 11-2 at 6-7).[4] Cianteo attests that Defendant

---

[2]Smith's Declaration states that Defendant failed to pay him $650 per week in commissions/salary for four weeks, for a total of $2,600.

[3]Overtime wages were calculated as follows: 15 hours of overtime per week at $4.55 per hour for 23 weeks (15 x 4.55 x 23) equals $1,569.75. The $4.55 figure was computed by dividing the $500 weekly pay by 55 (the hours worked each week), and then dividing that number in half (500 ÷ 55 ÷ 2 = 4.55).

[4]Cianteo's alleged damages for unpaid commissions/salary consist of $500 per week for six weeks, for a total of $3,000.

owes him $2,252.25 in unpaid overtime and $2,252.25 in liquidated damages.[5]

## II.  Legal Standard

Well-pleaded factual allegations are established by default. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975); see also Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).  A court may enter a default judgment, however, only if the complaint's factual allegations provide a sufficient legal basis for entry of a default judgment.  Nishimatsu Constr. Co., 515 F.2d at 1206.  The plaintiff has the burden of proof regarding the amount of damages to be awarded, but if the employer does not produce evidence to negate plaintiff's prima facie case, "the court may award approximate damages based on the employee's evidence."  McLaughlin v. Stineco, Inc., 697 F. Supp. 436, 450 (M.D. Fla. 1988).

## III. Analysis

### A.   FLSA Overtime Claims

FLSA mandates that employees receive one and one-half times their regular rate of pay for all hours worked in excess of forty

---

[5] Overtime wages were calculated as follows: 15 hours of overtime per week at $4.55 per hour for 33 weeks (15 x 4.55 x 33) equals $2,252.25.  The $4.55 figure was computed by dividing the $500 weekly pay by 55 (the hours worked each week), and then dividing that number in half (500 ÷ 55 ÷ 2 = 4.55).

hours per week. See 29 U.S.C. § 207(a)(1).[6] By failing to answer the complaint, Defendant admits that Plaintiffs were employed during the alleged time periods and that, during that time period, Defendant was an employer as defined by FLSA. Defendant further admits that Plaintiffs worked the number of overtime hours claimed, and that Defendant did not compensate Plaintiffs at the required overtime rate under FLSA. Because Defendant has not offered evidence to rebut Plaintiffs' sworn statements as to owed overtime wages, Plaintiffs are entitled to be compensated in the amounts of $1,190 to Duckett, $1,569.75 to Smith, and $2,252.25 to Cianteo.

In addition, under FLSA Section 216(b), an employee who was not paid overtime wages shall receive an amount equal to the unpaid overtime wages in liquidated damages. See, e.g., Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1573 (11th Cir. 1988). Liquidated damages are mandatory absent a showing by the employer that it acted in good faith and that it had reasonable grounds to believe that its actions did not violate FLSA overtime provisions. Id.; see also 29 U.S.C. § 260.

Defendant failed to contest Plaintiffs' entitlement to overtime compensation, and Defendant has not asserted that it acted

---

[6] The purpose of the FLSA overtime provision is two-fold: "(1) to spread out employment by placing financial pressure on the employer to hire additional workers rather than employ the same number of workers for longer hours; and (2) to compensate employees who, for a variety of reasons, worked overtime." Klinedinst v. Swift Invs., Inc., 260 F.3d 1251, 1256 n.4 (11th Cir. 2001).

in good faith or that it reasonably believed that it complied with FLSA's overtime provisions. Accordingly, Plaintiffs are entitled to liquidated damages in the following amounts: $1,190 to Duckett, $1,569.75 to Smith, and $2,252.25 to Cianteo. In total, Plaintiffs are entitled to receive the following amounts on their FLSA claims: $2,380 to Duckett, $3,139.50 to Smith, and $4,504.50 to Cianteo.

### B.  Breach of Contract Claims

"Under Florida law, the elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." Bland v. Freightliner LLC, 206 F. Supp. 2d 1202, 1210 (M.D. Fla. 2002) (quoting Abruzzo v. Haller, 603 So.2d 1338, 1340 (Fla. 1st DCA 1992). Because Defendant failed to answer the complaint, it admits that it entered into employment agreements with Plaintiffs, that it failed to pay commissions and/or salary owed under the employment agreements, and that Plaintiffs were damaged as a result of its nonpayment.

Plaintiffs rely on their sworn declarations and employment agreements to establish compensation due for their breach of contract claims. While Plaintiffs are unable to provide work logs or other evidence to support their calculation of damages, it is well established that where an employer cannot produce adequate work records, "the employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the

amount and extent of that work as a matter of just and reasonable inference." Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1375 (11th Cir. 1999) (internal citations omitted). Because Defendant has not come forward with any evidence to negate Plaintiffs' allegations, the Court finds that Plaintiffs' declarations and employment agreements provide a sufficient basis to calculate their damages. Accordingly, Plaintiffs are entitled to the following damages on their breach of contract claims: $6,000 to Duckett, $2,600 to Smith, and $3,000 to Cianteo.

### C. **Attorney's Fees**

FLSA authorizes an award of attorney's fees and costs to prevailing plaintiffs in proceedings to enforce FLSA's provisions. See 29 U.S.C. § 216(b).[7] In addition, Florida Statutes § 448.08 provides that a court may award reasonable attorney's fees and costs to the prevailing party in a suit for unpaid wages. Plaintiffs' counsel filed an "Attorneys Fee Affidavit" that includes detailed time sheets reflecting each task performed and the associated time increments (Doc. # 11-3).

---

[7] In Shelton v. Ervin, 830 F.2d 182, 184 (11th Cir. 1987), the court determined that "Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees to the prevailing plaintiff in FLSA cases. In consideration of the language of section 216(b), and its underlying purpose, we hold that attorney fees are an integral part of the merits of FLSA cases and part of the relief sought therein. Thus, a final determination as to the award of attorney fees is required as part of the final appealable judgment."

Plaintiffs' counsel seek $1,800 in fees comprised of 6 hours of legal work at a rate of $300 per hour.[8]  As required by Norman v. Housing Auth., 836 F.2d 1292, 1299 (11th Cir. 1988), this Court must employ the lodestar approach.  "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate."  Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).  The Court finds that the number of hours that Plaintiffs' attorneys expended is reasonable.[9]

"The fee applicant bears the burden of establishing entitlement [to] hourly rates."  Norman, 836 F.2d at 1303 (11th Cir. 1988).  With respect to rates, an applicant may produce direct evidence of rates charged under similar circumstances or opinion evidence rendered by an expert.  Id.  Here, Plaintiffs' case was handled by two attorneys, Charles Scalise, Esq. and Richard Celler, Esq.  Scalise handled the case until he left the firm on February 8, 2008, at which time Celler took over work on the case.

The Attorneys Fee Affidavit filed by Cellers asserts that $300 is a "reasonable hourly fee for a lawyer with similar experience

---

[8] Counsel's time sheets reflect work expended on the entire case, rather than distinguishing between the contract claims and the FLSA claims.  Because Plaintiffs' attorney is entitled to statutory fees and costs for work on both claims, the Court will not attempt to parse out the time spent on each claim.

[9] In reviewing counsel's time records, this Court found no "hours that are excessive, redundant, or otherwise unnecessary."  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

and expertise" (Doc. # 11-3 at 3).  In addition, the Affidavit cites to several similar cases in which Scalise has been awarded $300 per hour by this Court in the absence of objection.[10]  Although Cellers does not attest to his experience or previous fees awarded by this Court, the Court has ascertained that Cellers has practiced continuously in Florida for approximately nine years since his graduation from law school in 1999.  In addition, Celler was recently awarded a $300 hourly rate by this Court in a FLSA default judgment.  See Detres v. Securetech Sec., Inc., Case No. 8:07-cv-1875-T-24MSS, 2008 WL 717996 at *1 (M.D. Fla. 2008).  Based on this evidence, the Court finds that $300 is a reasonable hourly rate for the work performed in this case, in the absence of objection.

Accordingly, Plaintiffs are entitled to be reimbursed by Defendant for Plaintiffs' attorney's fees in the amount of $1,800 ($300 [reasonable hourly rate] x 6 [total number of hours expended by both attorneys]).

---

[10] Plaintiffs' counsel cites to Coon v. The Palm Hotel, Case No. 6:06-cv-47-Orl-28DAB; Smith v. Richard's Restoration, Inc., Case No. 6:05-cv-1072-Orl-DAB; and Armitage v. Dolphin Plumbing, Inc., Case No. 6:05-cv-890-Orl-19KRS.  Scalise was awarded an hourly rate of $300 in each of these cases.

**D.   Costs**

Plaintiffs have submitted a statement of costs to the court reflecting costs in the amount of $418.[11] Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to be reimbursed by Defendant for the reasonable costs associated with the prosecution of this lawsuit. Accordingly, Plaintiffs are entitled to be reimbursed by Defendant for costs in the amount of $418.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** as follows:

1.  Motion for Entry of Default Final Judgment (Doc. # 11) is **GRANTED as follows:**

2.  Defendant Solutions Funding, Inc. is in default, and the factual allegations in the complaint (Doc. # 1) are deemed admitted by Defendant;

3.  Defendant is in violation of the Fair Labor Standards Act, 29 U.S.C. § 207;

4.  The Clerk is accordingly directed to enter Judgment in favor of Plaintiffs in the amount of $23,842, allocated as follows:

    a.   damages in the amount of $8,380 to Justin Duckett;

---

[11]Specifically, the costs submitted represent this court's fee for opening the case, the fee charged by the process server, and copying and long distance charges of less than $20 (Doc. #11-3 at 5).

      b.    damages in the amount of $5,739.50 to Ashley Smith;

      c.    damages in the amount of $7,504.50 to Justin Cianteo;

      d.    attorney's fees in the amount of $1,800; and

      c.    costs in the amount of $418.

5. The Clerk is directed to terminate all pending motions and close the file.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>9th</u> day of July, 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record